[Civ. No. 2887. First Appellate District, Division Two.—August 19, 1919.]

PACIFIC MANUFACTURING COMPANY (a Corporation), Plaintiff, v. C. H. RASMUSSEN et al., Defendants; ERIC PETERSEN et al., Appellants; FARMERS AND MERCHANTS NATIONAL BANK OF LIVERMORE et al., Respondents.

[1] MECHANICS' LIENS—NOTICE OF COMPLETION—ERROR IN DATE—WANT OF INJURY.—A lien claimant who neither files his claim within thirty days of the date of completion as stated in the notice filed by the owner nor within thirty days from the date on which such notice is filed, which latter date is found by the court to have been the actual date of completion, is not injured by the fact that in the notice filed by the owner there is a misstatement as to the date of completion.

[2] ID.—CONFLICTING EVIDENCE—FINDING—APPEAL.—Where. there is a conflict in the evidence on a given issue and there is any evidence, though scant, in support of the finding of the trial court, such finding is not subject to review by the appellate court.

[3] ID.—ACCEPTANCE OF WORK AS COMPLETED—FINDING—EVIDENCE.— In these consolidated actions to foreclose mechanics' liens, the evidence was sufficient to support the finding of the trial court that on the date on which the owner filed the notice of completion, the work contracted to be done was accepted by the contractors and the owner as fully performed, and that certain work which was then unfinished was, by agreement between the parties, eliminated and a new contract made with relation thereto.

[4] ID.—FAILURE TO FILE CLAIM IN TIME—WANT OF VALID LIEN.— Where such contractors, after entering into such agreement for the acceptance of the work contracted to be done and the elimination from the contract of certain unfinished work, did not file their notice of lien either within the time limited after the notice of completion or in the time limited after the completion of their original contracts with such unfinished work eliminated, they had no valid liens under the provisions of section 1187 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carl F. Wood and L. D. Manning for Appellants.

W. B. Rinehart for Respondent.

LANGDON, P. J.—This is an appeal by Eric Petersen and H. W. Lassen, two of the plaintiffs in a consolidated action to foreclose mechanics' liens, first, from that portion of the decision of the trial court holding that the sum of $4,150, found to be the unpaid balance owing from Court Livermore No. 77, Foresters of America, the owner of the building upon which the work was performed, to the defendant Rasmussen, the contractor, was payable to defendant Farmers and Merchants National Bank of Livermore under an assignment, and that such sum was not subject to payment of the amounts found to be due appellants for labor and materials used in the construction of the building, and, second, from that portion of the decision and judgment denying appellants a lien against the land on which the building was constructed. The amounts of the appellants' claims were determined by the findings and judgment ordered in their favor for such amounts against the contractor, Rasmussen.

On May 6, 1914, Court Livermore, through its building committee, entered into an agreement in writing with Rasmussen, as contractor, for the erection of a building on a lot in Livermore, Alameda County. The contract price was to be something over fourteen thousand dollars, payable in monthly installments during the progress of the work, in sums equal to seventy-five per cent of the value of the work done up to the date of payment, the remaining twenty-five per cent to be paid thirty-five days after final completion of the work. The court found that upon the completion of the work there was due the contractor the sum of $4,150, which had previously been assigned by him to the defendant Farmers and Merchants National Bank to secure a note of the contractor, which note was given for money advanced by the bank and used in the erection of the building.

The causes of action stated in the complaint of appellant Petersen include a number of claims assigned to said appellant by other lien claimants which will be considered later.

Appellants contend that a valid notice of completion was never filed by the owner and that, therefore, it is precluded from maintaining any defense based upon the ground that the liens were not filed in time, under the provisions of

section 1187 of the Code of Civil Procedure. The facts involved in this determination are that on December 19, 1914, Court Livermore occupied the building, which was substantially completed at that time, but there remained unfinished at that time the exterior painting and a small amount of plastering and concrete work of the value of about $4.30. The court found that such occupation and use of the building by Court Livermore, on and after the nineteenth day of December, 1914, was open and notorious and well known to all of the parties plaintiff and defendant in this action, including all of the lien claimants in the consolidated actions. The court found that the contractor Rasmussen completed the construction of said building on the twenty-fourth day of December, 1914, and that said building was accepted by said owner on said twenty-fourth day of December, and a notice of completion and acceptance thereof was duly filed and recorded in the office of the county recorder of Alameda County on said twenty-fourth day of December, 1914; that all of the parties to this action and all of the lien claimants mentioned therein, except Robert Howden, had knowledge of the completion of said building on and after the actual date of completion thereof as found by the court, to wit, the twenty-fourth day of December, 1914.

[1] The notice of completion filed and recorded on December 24th specified the date of completion as of December 19th, and the appellants' objection is that as the court found said date of completion was really December 24th, the notice should have so stated, and that as it stated that the completion date was December 19th instead of December 24th, said notice is fatally defective as not being in conformity with the statute. Section 1187 of the Code of Civil Procedure, as it stood at the time of this notice, provided that "the owner may within ten days after completion of any contract . . . file for record in the office of the county recorder . . . a notice setting forth the date when the same was completed, together with his name," etc. While it may be true that if the lien claimants had relied upon this notice of completion as filed and had filed their claims within the thirty days allowed after the time stated in the notice as the date of completion, the owner would have been estopped to deny that such date so stated was not the actual date of

completion—in the present case, the claimants and their assignors neither filed their claims within thirty days of the date stated in the notice nor within thirty days from December 24th, the date found by the court to have been the actual date of completion and the date upon which the notice was filed and recorded. They are, therefore, not injured and in no position to complain.

The court also found that on the twenty-fourth day of December, 1914, it was agreed and understood by and between plaintiff Petersen and defendant Rasmussen and said Court Livermore that the work and contract of said plaintiff Petersen should be and the same was accepted on said date, omitting therefrom the aforesaid concrete work, amounting to $4.30, which it was agreed between the parties aforesaid, on said day, might be performed at such time thereafter as would be proper and convenient for said Petersen; and that as to said last-mentioned work no time of performance was agreed upon and no time of payment fixed; that the performance of same was, by said agreement between the said parties, eliminated from the contract of said plaintiff Petersen, and a new contract made with relation thereto as aforesaid, wherein and whereby it was agreed that Petersen might perform the same and should receive therefor when performed the sum of $4.30, the same to be paid by defendant Rasmussen, and that the said Court Livermore did not agree to pay the same.

With reference to the other work remaining unfinished on December 24th, i. e., the exterior painting, contracted to be done by Morrill & Walters, assignors of Petersen, the court found that said contract was accepted as fully performed by said Rasmussen and the said Court Livermore on the twenty-fourth day of December, 1914, for all the purposes of the completion of said building; that on the said twenty-fourth day of December, 1914, it was agreed and understood between Morrill & Walters, Rasmussen, and said Court Livermore that the work and contract of said Morrill & Walters should be and the same was on said day accepted, omitting therefrom the aforesaid unfinished portion of said work, amounting in value to the sum of $153, which it was agreed between the parties might be performed at such time thereafter as would be proper and convenient, and that the performance of the same was by agreement between

the parties eliminated from the contract of Morrill & Walters and a new contract made with relation thereto.

Appellants contend that there is no evidence to warrant the above findings that new contracts were entered into between the parties for the completion of the cement work and painting work, and that the original contracts for such work were accepted as completed by the owner as of December 24th. [2] It is true the evidence to warrant these findings is scant, but there is a conflict in the evidence, and if there is any evidence from which these findings could be made, they are not subject to review here. We find in the record the agreement signed by Morrill & Walters, the painters, and also signed by Rasmussen, the contractor, on or about December 24th, which reads: "We hereby agree that the value of the unfinished painting work on the Foresters Hall on Saturday, December 19, 1914, as compared with the entire contract price for this painting amounts to $153, in other words, our total contract for painting amounts to $654, and painting work completed December 19, 1914, amounts to $500, and as above noted the unfinished work amounts to $153." A similar agreement was signed by Petersen in relation to the unfinished portion of the plastering and concrete work, amounting to $4.30. In relation to these two agreements we have the testimony of Rasmussen, the contractor, that when these agreements were signed, Rasmussen showed to Mr. Walters and to Mr. Petersen, respectively, a letter from the architect, explaining that he wanted to have the building accepted to meet all legal requirements, and requesting an estimate of and agreement concerning the unfinished portion of the work, which letter is a part of the record here; that Walters was with Rasmussen when the agreement was presented to Petersen; that the letter from the architect was shown to Petersen, and that it was explained to him, as it had been to Mr. Walters, that the owner wanted to have the building accepted, and that the painting might be completed when the weather permitted. [3] We think this evidence is sufficient to support the findings of the trial court in relation to the acceptance of the work of both the painter and plasterer as of December 24th. [4] Under the findings it, therefore, appears that neither the plaintiff Petersen nor his assignor, Morrill & Walters, have valid liens under the provisions of section

1187 of the Code of Civil Procedure. They did not file their notice of lien *either* within the time limited after the notice of completion *or* in the time limited after the completion of their original contracts. Under the findings of the trial court this is also true of the lien of the appellant Lassen, and of the various lien claimants whose claims were assigned to Petersen.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 18, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 16, 1919.

All the Justices concurred.